No. 93-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN THE MATTER OF CERTAIN
JUSTICE COURT EXPENSES

FILED

APR 1 9 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Robert L. Deschamps III, Missoula County
                Attorney, Michael W. Sehestedt, Deputy
                County Attorney, Missoula, Montana
                (for Missoula County Commissioners)

        For Respondent:

                Stacey Weldele-Wade, Milodragovich,
                Dale & Dye, Missoula, Montana
                (for Justice of the Peace David K. Clark)


                        Submitted on Briefs:   January 13, 1994

                                  Decided:   April 19, 1994

Filed:

                        _____
                                     Clerk

Justice William E. Hunt. Sr., delivered the opinion of the Court.

Appellants Missoula County Commissioners appeal from an order of the Fourth Judicial District Court, Missoula County, directing appellants to pay certified office expenses for Justice Court, and attorney fees.

We affirm.

The issues on appeal are:

1. Did the County Commissioners waive their right to appeal a certified claim by the District Court when they agreed to pay the amount?

2. Did the District Court err in granting attorney fees and costs for the certification process for payment of Justice Court expenses?

In August 1992, respondent Justice of the Peace David K. Clark requested approval of funds from the County Commissioners for employment of a temporary clerical assistant to replace the regular criminal clerk who would be unavailable for work for several days in September 1992. The County Commissioners refused to approve funds for temporary assistance, maintaining that the assistance was not necessary. Judge Clark submitted the claim for certification to Senior District Court Judge Jack L. Green pursuant to the rule established by this Court in State ex rel. Browman v. Wood (1975), 168 Mont. 341, 543 P.2d 184. On August 31, 1992, Judge Green certified the claim as an actual and necessary expense which would be incurred by Judge Clark in the performance of his official duties. Judge Clark then hired a temporary clerk for 18 days on a

2

contract basis. After receiving the billing statement for the services, he contacted the county personnel department informing them of the bill.

On October 27, 1992, the expense claim had not been paid, and therefore, Judge Clark filed a petition for a contempt order against the County Commissioners for failure to pay the certified claim. The petition also included a request for attorney fees. In a written response to the petition, the County Commissioners agreed to pay the claim, stating that invoices for the claim were received and payment was pending from the Justice Court budget, and adding that if budget funds were inadequate to meet the claim, payment would be made from either a transfer from within the budget or from other appropriations. On December 9, 1992, after the parties submitted memorandum and affidavits, Judge Green entered the following order directing the County Commissioners to pay the expense claim based upon their willingness to pay the expenses:

> The Court finds that it is unnecessary at this point to address most of the issues raised in either the Petition or the Response. Specifically the question of whether this Court's certification is an order need not be addressed since the Commissioners have indicated a willingness to pay the expense of the contracted clerical assistance for Justice Court.
>
> The Court finds nothing improper in payment of these charges for services rendered to Justice Court out of the funds appropriated for Justice Court. If in fact the funds appropriated for Justice Court in this fiscal year are not sufficient to pay the reasonable and necessary expenses of Justice Court, then the Petitioner should request additional funds from the Commissioners. If the parties cannot agree at that time Petitioner may make another application to this Court for the approval of additional funds.

3

The court also directed Judge Clark to submit his claim to the County Commissioners. The order did not respond to the attorney fee request. On December 18, 1992, Judge Clark filed a motion to amend the order to include attorney fees. The County Commissioners did not oppose the motion to amend, nor did they file a responsive brief.

On January 1, 1993, Judge Green retired and Judge John S. Henson became the Senior Judge of the District. On January 11, 1993, Judge Clark applied to Judge Henson to assume jurisdiction over the pending motion to amend, and also requesting that the court address the issue of attorney fees. On January 28, 1993, Judge Henson entered an order assuming jurisdiction of the case, granting Judge Clark's motion to amend to include attorney fees, and directing him to file a memorandum of costs of attorney fees along with a supporting affidavit. The County Commissioners were allowed ten days within which to object to the attorney fees after Judge Clark submitted his memorandum; if the County Commissioners objected to the costs then a hearing would be held to determine reasonable attorney fees.

Judge Clark filed his memorandum on February 3, 1993, and on February 10, 1993, the County Commissioners filed a motion for reconsideration stating that they did not file a response brief to Judge Clark's December 18 motion to amend to include attorney fees because they believed that they had an agreement with Judge Green and Judge Clark that no briefs were to be filed. The County Commissioners requested that they be relieved of the January 28

4

judgment because of excusable neglect pursuant to Rule 60(b), M.R.Civ.P. The County Commissioners' motion did not contest Judge Clark's submitted costs, but only disputed that an improper certification process was used to grant Judge Clark's expense claim. The motion requested that the January 28 order be vacated and a hearing set for Judge Clark's December 18 motion to amend, or that the court enter an order denying Judge Clark's requested relief.

On April 7, 1993, Judge Henson entered his opinion and order finding that the County Commissioners did not demonstrate excusable neglect and finding that the claim was properly certified by Judge Green on August 31, 1992. Judge Henson also found that the County Commissioners failed to object to the submitted attorney fees and costs, and therefore, granted the submitted fees and costs. The County Commissioners appeal.

### ISSUE 1

Did the County Commissioners waive their right to appeal a certified claim by the District Court when they agreed to pay the amount?

The parties argue that we must decide this issue by applying the rule in Browman for resolution of an actual or potential conflict of payment of a justice court claim between a board of county commissioners and justice court by the certification of the senior district judge that such claim is an actual and necessary expense of the justice court. However, we hold that the issue in this case is resolved by the promise of the County Commissioners to

5

pay the claim by their communication to Judge Green and then by taking no further action based on their commitment.

We have held that an appellant's offer of a judgment and the acceptance of the offer render the issue of liability moot on appeal. Weston v. Kuntz (1981), 194 Mont. 52, 635 P.2d 269. Appellants who fail to object to an alleged error are precluded from raising the issue on appeal. Barrett v. Asarco, Inc. (1990), 245 Mont. 196, 799 P.2d 1078. In the present case, not only did the County Commissioners agree to pay the claim, they also failed to object to the District Court's order to pay the claim and took no further action to challenge the claim. We hold that the County Commissioners waived their right to appeal.

## ISSUE 2

Did the District Court err in granting attorney fees and costs for the certification process for payment of Justice Court expenses?

The County Commissioners argue that the District Court erred by granting Judge Clark's request for attorney fees and costs because the attorney fees and costs were the result of an erroneous certification process for payment of Justice Court expenses.

The County Commissioners first had notice of the motion to amend for attorney fees on December 18, 1992, and also on January 11, 1993, when Judge Clark applied to Judge Henson to assume jurisdiction over the pending motion to amend. The County Commissioners failed to object or file a brief within ten days. Pursuant to Rule 2(b) of the Uniform District Court Rules, the

6

motion for attorney fees was granted by Judge Henson on January 28, 1993.

Because attorney fees were not objected to before the District Court, they cannot be raised for the first time on appeal.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

April 19, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

MICHAEL W. SEHESTEDT
Deputy County Attorney
ROBERT L. DESCHAMPS, III
Missoula County Courthouse
Missoula, MT  59802

Stacey Weldele-Wade, Esq.
MILODRAGOVICH, DALE & DYE, P.C.
P.O. Box 4947
Missoula, MT  59806-4947

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy