NO.   94-404

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

---

WILLIAM E. BRIDGER and MARY A. BRIDGER
        Plaintiffs and Respondents,
    and
ROGER C. TODD, JUDITH N. TODD and JEAN L. TODD, ROBERT EVANS, GLEN
M. HARGROVE, BETTY RAE HARGROVE, MICHAEL WOLD, LORENIA M. WOLD, and
EARL WESLEY HARGROVE,
        Plaintiffs by Intervention and Respondents,
    -v-
JACKSON L. LAKE, JR., LYNNE M. BLACKBURN, a/k/a LYNN M. McDONALD,
BURLINGTON NORTHERN RAILROAD COMPANY,  a Delaware  corporation,
MONTANA RAIL LINK, INC., a Montana corporation,
        Defendants,
    and
THE STATE OF MONTANA, ALICE MINA LAKE, The Personal Representative
of the ESTATE OF JOHN LUDWELL LAKE,  Deceased,  and All Persons
Unknown.
        Defendants and Respondents.
    and
JACKSON L. LAKE, JR.,
        Third Party Plaintiff and Respondent,
    -v-
LYNNE M. BLACKBURN, a/k/a LYNNE M. McDONALD,
        Third Party Defendant and Appellant.

FILED

MAY 17 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Sixth Judicial District,
               In and for the County of Park,
               The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Brenda Riley Cole, Swandal, Douglass, Frazier &
        Cole, Livingston, Montana

        For Respondent:

        Leanne M. Schraudner, Schraudner &Hillier, Bozeman,
        Montana (Bridgers, Evans, Hargroves and Wold); Karl
        Knuchel, Livingston, Montana (Lakes); David W.
        DePuy, DePuy Law firm, Livingston, Montana (Todds)

---

Submitted on Briefs:   January 26, 1995

Decided:   May 17, 1995

Filed:

_____
          Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This matter came before the District Court of the Sixth Judicial District, Park County, on motion for summary judgment. The court granted summary judgment to plaintiffs. We affirm.

We restate the issues as follows:

I. Did the District Court err in granting summary judgment on the issue of whether an easement had been created?

II. Did the District err in concluding that the easement had not been extinguished?

III. Did the District Court err in concluding that McDonald had actual and constructive knowledge of the claimed easement?

IV. Did the District Court err in basing its decision upon an unrequested private viewing of the property in question?

In May of 1979, Lynn McDonald (McDonald) purchased a 4.592 acre parcel of real property located approximately ten miles west of Livingston, Montana, from Gerald R. Stafford, Frances R. Stafford, Alfred Mack Stiff, and Vivian Stiff. Due to the construction of I-90, the property was subject to a highway right of way easement granted in 1975 to the State of Montana for a "Dozer Road."

McDonald did not view the property before she bought it, nor was she represented by counsel during the sale. McDonald claims that she had no actual notice that any landowner claimed any right under the 1975 "Dozer Document" or under any other agreement or document. She contends that when she purchased the property, she

2

believed the Dozer Road to be abandoned and terminated at the eastern boundary of the property. Since purchasing the land, she was informed by the seller that the seller had given the Todds permission to cross the property. Also since purchasing the land, McDonald herself has given various parties permission to cross over the property in the vicinity of the disputed easement.

Landowners William Bridger and Mary Bridger (the Bridgers) filed a complaint dated December 12, 1990, when their use of the easement was denied. The complaint also involved disputes relating to the use of railroad crossings and breach of warranty claims against the seller of the land which the Bridgers purchased near the property. The action was bifurcated and the present action deals exclusively with the contested easement across McDonald's land.

Subsequent to the filing of the Bridger complaint, the court granted leave for the following landowners to intervene in the action: Roger C. Todd, Judith Todd, Jean Todd, Robert Evans, Glen Hargrove, Betty Rae Hargrove, Michael Wold, Lorenia Wold, Earl Hargrove (referred to along with plaintiffs and Jackson Lake Jr. as landowners). The following parties were named as defendants in the action: Jackson L. Lake, Jr., Alice Lake, the personal representative of the Estate of John Ludwell Lake, deceased, the State of Montana, Burlington Northern Railroad, Montana Rail Link. Jackson Lake, Jr. also filed a cross-claim against McDonald.

On February 25, 1994, the court heard arguments on the motions for partial summary judgment filed by plaintiffs, plaintiffs by

3

intervention, and defendants Jackson L. Lake, Jr., Alice Lake, and the personal representative of John Ludwell Lake, deceased. The court entered an order on May 6, 1994, granting summary judgment to all parties against McDonald.

In its May 6, 1994 and July 8, 1994 orders, the District Court determined that the State of Montana held an access easement across McDonald's property for the benefit of the public as well as the adjoining landowners. The court determined that McDonald had both constructive and actual notice of an easement and could not now object to its use. McDonald appeals the court's judgments.

I.

Did the District Court err in granting summary judgment on the issue of whether an easement existed?

Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, M.R.Civ.P. Appellant argues that a genuine issue of material fact exists as to whether an easement was created and to what extent the servient estate is burdened. Respondent landowners argue that the granting document is clear on its face and, therefore, summary judgment as to the easement's existence and nature is appropriate.

A review of the record in this case reveals a granting document filed May 9, 1975. This document grants to the State of Montana a "right of way easement." The grantors of this easement are McDonald's predecessors in interest. That instrument states:

> Gerald R. Stafford, Frances L. Stafford, Alfred M. Stiff,
> and Vivian E. Stiff of Bozeman, Montana for and in

4

consideration of the sum of ONE DOLLAR ($1.00) lawful money of the United States to THEM in hand paid by the State of Montana, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the State of Montana, an easement and right of way for the construction, of a Dozer Road, over, across, and the right of entry upon and occupation of lands, and the right to take therefrom such earth, gravel, stones, trees and timber as may be necessary in the construction of said Dozer Road covering and embracing the following described land, to-wit:

.

In consideration of the grantors granting this easement, the Grantees shall construct the dozer road as above described and the grantees shall not be obliged to maintain the same . .

.     .

TO HAVE AND TO HOLD all of the above described and conveyed property unto the State of Montana, and its successors in interest as long as the same is used as a public highway.

The extent of a servitude is determined by the terms of the grant . . . by which it was acquired. Section 70-17-106, MCA. In other words, the breadth and scope of an easement are determined upon the actual terms of the grant. Titeca v. State of Montana (1981), 194 Mont. 209, 634 P.2d 1156. Here the "TO HAVE AND TO HOLD" language determines the breadth and scope of the easement to be that of a "public highway."

While McDonald argues that the granting document is ambiguous because of its use of the word "Dozer Road" when describing the easement, she presented nothing to the District Court to prove that the easement was anything other than an easement for a public highway as stated in the granting document. McDonald presented only her own affidavit which says she talked to experts and that

5

they told her that a dozer road was a temporary construction. McDonald had the burden to overcome the terms of the 1975 granting document.  She had to show that issues of material fact existed. She did not meet her burden but produced only hearsay evidence contained in her own affidavit.

We hold that the District Court did not err in granting summary judgment to the landowners  on the existence of the easement.

## II.

Did the District err in concluding that the easement had not been  extinguished?

McDonald argues that if an easement existed it had long since been  abandoned.  The landowners contend that the easement is a public one and cannot be extinguished through non-use.

Section 60-4-208, MCA, clearly states that "[e]very state highway once established must continue until abandoned or vacated by operation of law or by judgment of a court of competent jurisdiction or by a proper order of the commission." Mere non-use of the roadway will not cause it to cease to exist as a public roadway:

> Landowners contend that the County abandoned all but 60 feet of the right-of-way. . One of the elements necessary to prove abandonment of public property by governmental entities is a showing of a clear intent to abandon.  The conduct claimed to demonstrate this intent must be of character so decisive and conclusive as to indicate a clear intent to abandon . . The conduct must be some affirmative official act,  and not mere implication.  Mere nonuse, even for extended periods of time, is generally insufficient by itself, to indicate an intent to abandon. . . [I]t has been held that the rights of the public in its highways cannot be lost by

6

acquiescence in the use or occupation thereof by individuals, even though such highways have not been opened or used.

Baertsch v. County of Lewis and Clark (1992), 256 Mont. 114, 845 P.2d 106, 110-111.

McDonald presented no evidence to the District Court to support her contention that the easement was abandoned. McDonald failed to meet her burden of showing that questions of material fact existed.

We hold the District Court did not err in granting summary judgment that the easement had not been extinguished.

III.

Did the District Court err in concluding that McDonald had actual and constructive knowledge of the claimed easement?

McDonald argues that she bought the land in May of 1979 but did not know that an easement was alleged to exist until 1986. The landowners argue that she had constructive and actual notice of the easement.

The 1975 granting document was filed and constituted constructive notice to all subsequent owners of the Stafford and Stiff lands:

Every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law, from the time it is filed with the county clerk for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees.

Section 70-21-302(1), MCA.

The District Court referred to other documents that also evidence an easement, including McDonald's own deed to the land

7

**which clearly references an easement to the** State of Montana. Her warranty deed specifically referred to the certificate of survey on file which plainly outlined the easement and stated the conveyance was subject to it. McDonald's title policy stated that her property was subject to a:

> 16. Right of Way Easement dated April 15, 1975, granted to the State of Montana for the right to construct a Dozer Road over, across, and the right of entry upon and occupation of lands, and the right to take therefrom such earth, gravel, stones, trees, and timber as may be necessary in the construction of said Dozer Road across a tract of land in W1/2SE1/4 of Section 17, Township 2 South, Range 8 East, M.P.M., Park County, Montana; by instrument recorded May 9, 1975, at 1:13 P.M. in Roll 11, Pages 1280-1282, records of Park County, Montana.

McDonald had notice at least from May 30, 1979 when the aforementioned title policy was issued. Even if, as McDonald argues, she purchased the property before she obtained the title policy, she at least had notice of the easement in 1979, many years before the activities concerned in this action.

McDonald testified in her own deposition that when she viewed the property on May 4 or 5, 1979, **at** the **time** she paid Gerald Stafford for the property, she saw the road and the fence. A subsequent purchaser of a servient tenement is bound to take notice of rights that may be evident upon an inspection of the premises as well as those that may be learned by an inspection of the records. Shalimar Association v. D.O.C. Enterprise, Ltd. (1984), 142 Ariz. 36, 688 P.2d 682.

We conclude that the landowners met their burden to show that McDonald knew or should have known that an easement existed. McDonald has provided no facts to refute this. **We,** therefore, hold

8

that the District Court did not err in granting summary judgment that McDonald had constructive as well as actual notice of the easement.

IV.

Did the District Court err in basing its decision upon an unrequested private viewing of the property in question?

McDonald argues that the judge should not have viewed the property in question without having been requested to do so by the parties. However, this was not raised at the District Court level. Failure to object to issues at the District Court will prevent appellants from raising the issue on appeal. Matter of Certain Justice Court Expenses (1994), 264 Mont. 510, 872 P.2d 795.

We do not consider the issue on appeal.

Affirmed.

We Concur:

_____
Chief Justice

_____
Justice

_____

_____
Justices

Justice W. William Leaphart, dissenting.


I respectfully dissent from the Court's opinion. In affirming the grant of summary judgment, the Court ignores questions of fact regarding the language in the easement document. The Court examines the granting document's establishment of "an easement and right of way for the construction, of a Dozer Road . . as long as the same is used as a public highway" but does not further consider the meaning of this grant or whether the property was used as a public highway. Because these questions of fact must be answered in order to resolve issues one and two, summary judgment was improper.

The easement in question was granted to the state for construction of a "Dozer Road." The Court concludes that "McDonald presented nothing to the District Court to prove that the easement was anything but an easement for a public highway as stated in the granting document." The granting document states:

> Gerald R. Stafford, Frances L. Stafford, Alfred M. Stiff, and Vivian E. Stiff of Bozeman, Montana for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money of the United States to THEM in hand paid by the State of Montana, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the State of Montana, an easement and right of way <u>for the construction, of a Dozer Road</u>, over, across, and the right of entry upon and occupation of lands, and the right to take therefrom such earth, gravel, stones, trees and timber as may be necessary in <u>the construction of said Dozer Road</u> covering and embracing the following described land, to-wit:
> . . .
>
> TO HAVE AND TO HOLD all of the above described and conveyed property unto the State of Montana, and its successor or successors in interest <u>as long as the same</u>

<u>is used as a public highway</u>.  [Emphasis  added.]

The Court relies upon § 60-4-208, MCA, for the proposition that state highways, once established, must continue until intentionally abandoned or vacated by operation of law. However, the Court fails to recognize that this particular granting document clearly abrogates that statutory rule by providing that the easement exists only so long as the road "is used as a public highway."

The legal effect of the "Dozer Road" document cannot be determined until two questions of fact are resolved by a jury: 1) what is a "Dozer Road" --is it permanent or temporary in nature? 2) Has the road, in fact, been used as a public highway?  If not, then,  by the terms of the document, the easement has ceased to exist.

I would reverse the summary judgment and remand for a jury trial on these questions of fact.

_____
                            Justice


Justice Terry N. Trieweiler joins in the foregoing dissent of Justice W. William Leaphart.

_____
                            Justice


Justice Karla M. Gray joins in the foregoing dissent of Justice W. William Leaphart.

_____
                            Justice

11