No. 97-062

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

RICHARD E. REICHLE and LINDA REICHLE,

Plaintiffs and Respondents.

v.

M. McKEE ANDERSON and JUDY Y. ANDERSON,
RICHARD J. RANKIN and DONNA R. RANKIN,

Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

W. Cecil Jones and Calvin J. Erb, Attorneys at Law,
Dillon, Montana (for Andersons)

Mark David Hoffman; Hoffman & Suenram, Dillon,
Montana (for Rankins)

For Respondents:

Christine D. Somers; Haxby & Somers, Butte, Montana

Submitted on Briefs: June 12, 1997

Decided:    September 8, 1997
Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellants M. McKee Anderson and Judy Y. Anderson (Andersons) appeal from the Judgment of the Fifth Judicial District Court, Beaverhead County, holding that the Respondents, Richard E. and Linda Reichle (Reichles), are the owners of a thirty foot right-of-way easement through Andersons' property. We affirm.

We address the following issues on appeal:

1) Whether the District Court erred when it determined that language in the Rankin-Anderson contract for deed was sufficient to create an easement?

2) Whether the District Court erred when it refused to allow Andersons to inspect or review a file that a witness used on the witness stand to refresh his memory?

Factual and Procedural Background

In June of 1980, Andersons entered into a buy-sell agreement with Richard J. and Donna R. Rankin (Rankins) to purchase a piece of property in Beaverhead County. The buy-sell agreement specifically stated as follows:

Sellers are keeping an easement 30' Wide across the South side of this tract of land for access to property that lies on the west side of the tract being sold to the Andersons.

The buy-sell agreement called for a survey to be performed to establish the boundary of the property to be sold to the Andersons. A certificate of survey was prepared and recorded but does not contain any reference to, or description of, an easement reserved by the Rankins.The Andersons entered into a contract for deed with the Rankins in November of 1980 (Rankin-Anderson contract for deed). The Rankin-Anderson contract for deed was ten pages long with an attached Exhibit "A," which described the real property being transferred. Exhibit "A" stated that the property was purchased "[s]ubject however, to reservation of an easement of right of way with ingress and egress by Richard J. Rankin and Donna R. Rankin, which easement is more particularly described as follows . . . ." The Rankin-Anderson contract for deed also stated that the parties shall be bound by the terms and conditions contained in the buy-sell agreement and that the agreement was to be incorporated by reference and made a part of the contract for deed in all particulars.

A notice of purchaser's interest signed by both Rankins and Andersons and recorded in the Beaverhead County Clerk's Office also contains the same Exhibit "A," describing the real property and including the same "[s]ubject however, to reservation of an easement" language. In 1986, a warranty deed from Rankins to Andersons was filed after Andersons prepaid pursuant to the terms of the Rankin-Anderson contract for deed. This deed states that the Rankins reserved an easement of right-of-way for ingress and

egress through the Andersons' newly acquired property. At the same time, the Andersons recorded a homestead exemption for their property that again specifically reserved a thirty foot right-of-way easement for the Rankins.

In October of 1992, Reichles entered into a buy-sell agreement with the Rankins to purchase a ten acre piece of land located on the west side of a canal running between the ten acre piece of land and property already owned by the Reichles on the east side of the canal. The Reichles buy-sell agreement states: "Buyer to receive a 30' easement from public railroad crossing to tract A retained by Seller across McKee Anderson south property line."

The buy-sell agreement also has language typed in under the "special provisions" section which states: "Buyer shall be able to use bridge and road on Seller's ground to reach tract A until Buyer is able to build own bridge." This language was included because the Reichles needed use of the Rankins' bridge to access the ten acre piece until they constructed a bridge from the easement access to the ten acre piece. The ten acre piece of property was conveyed to Reichles by warranty deed on March 24, 1993. The warranty deed specifically describes a private road easement through Andersons' property by metes and bounds.

Reichles used Rankins' existing road and bridge from the time of their purchase until December 1993, when they informed the Andersons that they, Reichles, intended to fence off the purported easement and graze llamas on the property. Thereafter, Rankins notified Reichles' attorney that Reichles would not be allowed any further use of the easement. Reichles then filed a declaratory judgment action against Andersons and Rankins. Reichles' complaint requested judicial enforcement of a right-of-way easement for ingress and egress that they claimed was expressly granted to them by the terms of their warranty deed. The complaint was answered by both defendants, and cross-claims were filed by both defendants against each other.

A bench trial was held and judgment was entered on August 10, 1995, in which the District Court ordered that the Reichles were entitled to a thirty foot right-of-way easement for ingress and egress through the southern boundary of Andersons' property as expressly recited in their warranty deed and as originally reserved by the Rankins when they sold the property to the Andersons in 1986.

Andersons filed a motion for reconsideration in August of 1996, requesting that the court reconsider it's judgment based upon this Court's decision in Ruana v. Grigonis (1996), 275 Mont. 441, 913 P.2d 1247. The District Court denied the motion, and Andersons thereafter filed this appeal.

Discussion

1) Whether the District Court erred when it determined that language in the Rankin-Anderson contract for deed was sufficient to create an easement?

The District Court's determination that the language in the Rankin-Anderson contract for deed created an easement is a conclusion of law. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. In this case, the District Court held that the language in the Rankin-Anderson contract for deed, stating that the conveyed property was "[s]ubject however, to reservation of an easement," clearly established the reservation of an easement over Andersons' property.

Andersons rely on our decisions in Wild Rivers Adventures, Inc. v. Board of Trustees of School Dist. No. 8 (1991), 248 Mont. 397, 812 P.2d 344 and Ruana, 913 P.2d at 1253, for their proposition that "subject to" language in a deed is not enough to create an easement where the certificate of survey does not also contain a description of the easement.

However, in both Wild Rivers and Ruana, the actual intent of the grantors was not clear from the deed language itself. In Wild Rivers, 812 P.2d at 346, the appellants claimed the following language in a deed created the alleged easement: "subject to and together with a 40 foot private road easement." In determining whether this language could create an easement, we held:

The words "subject to" used in their ordinary sense, mean subordinate to, subservient to or limited by. There is nothing in the use of the words "subject to", in their ordinary use, which would even hint at the creation of affirmative rights or connote a reservation or retention of property rights.

Wild Rivers, 812 P.2d at 346-47. Because the language in the deed purporting to create an easement contained no affirmative reservation or retention of rights and because the grantors could not have reserved an easement at that time, we held that no easement had been reserved. Wild Rivers, 812 P.2d at 347.

We relied on Wild Rivers in Ruana in determining that language in a deed conveying land "subject to an access easement" did not create an easement. We went on to note that "an easement by reservation can be established when, in conjunction with a division of land, the subject easement is shown on the certificate of survey and the certificate of survey is referred to and incorporated in the deed of conveyance." Ruana, 913 P.2d at 1253 (emphasis added). We held that an easement had not been granted or reserved when the original grantors subdivided the land because neither the language of the deed nor the certificate of survey established the easement. Ruana, 913 P.2d at 1253.

In the instant case, although there is no mention of the easement in the certificate
of survey, the language in Exhibit "A" of the Rankin-Anderson contract for deed clearly
reserves an easement and states: "Subject however, to reservation of an easement of right
of way." As we held in Wild Rivers, " ' [a] conveyor who, in terms, "excepts" or "reserves" an easement, is permitted to have the rights thereby intended to be enjoyed by
him. . . ." Wild Rivers, 812 P.2d at 346 (quoting 3 Powell on Real Property, 407, pp. 34-39 to 34-42) (emphasis added). Rankins, in terms, reserved an easement through the language "[s]ubject however, to reservation of an easement right of way."

In neither Wild Rivers nor Ruana did the deeds in question contain the word "reservation;" they simply stated that the conveyed property was "subject to" the purported easement. In these cases, because the deeds themselves did not clearly reserve
an easement, we looked for other indications that an easement had been created. In Wild
Rivers, we looked to the grantors' intent; in Ruana, we looked to a certificate of survey.
In the instant case, we need look no further than the deed itself. Rankins clearly reserved
an easement when they conveyed the property to Andersons. Therefore, we affirm the District Court's conclusion that Rankins reserved an easement in the deed to Andersons
and could thereby convey the easement to Reichles.

2) Whether the District Court erred when it refused to allow Andersons to inspect or review a file that a witness used on the witness stand to refresh his memory?

The standard of review of discretionary trial court rulings is abuse of discretion.
May v. First Nat'l Pawn Brokers, Ltd. (1995), 270 Mont. 132, 134, 890 P.2d 386, 388. At trial, Andersons introduced a copy of the contract for deed between themselves and Rankins. This copy was allegedly made by McKee Anderson at the closing before Judy Anderson had signed the contract. The material provisions of the contract for deed "copy" were the same as found in the original, except for the absence of Judy Anderson's
signature and the absence of any reference to a reservation of an easement by the Rankins
in Exhibit "A." Andersons claimed that the original contract for deed had been in the
sole possession of Rankins from 1980 until 1983 and that Exhibit "A" could have been altered during that time.

During trial, the attorney for Rankins who prepared the contract for deed testified
and was asked to compare the language in the original contract for deed with the language
in the Anderson copy. Rankins' attorney referred to a copy of the contract for deed in

his possession to refresh his memory. Counsel for Andersons asked to review the witness' entire "file" for purposes of cross-examination. The District Court denied the request. Andersons argue on appeal that the District Court abused its discretion under Rule 612, M.R.Evid., in refusing their request to review the file and in failing to preserve the file for appellate review. Rule 612 governs writings used to refresh memory and provides:

If a witness uses a writing to refresh memory for the purpose of testifying, either

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce into evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objection shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

Rule 612, M.R.Evid.

Andersons claim the District Court's decision not to allow them to review the file foreclosed their opportunity to effectively cross-examine the witness as to the contents of the file. Additionally, they claim the court's failure to preserve the file for appeal has forever denied them access to the file.

Questions concerning the admissibility of evidence must be left to the sound discretion of the trial judge, subject to review only in situations that indicate a manifest abuse of discretion. Cech v. State (1979), 184 Mont. 522, 604 P.2d 97. No such manifest abuse of discretion exists here. The Rankin-Anderson buy-sell agreement, the notice of purchaser's interest, and the warranty deed each contain a reference to the easement in question. The "copy" of the Rankin-Anderson contract for deed appeared only days before trial despite the fact that the notice of purchaser's interest, which included the easement language, was recorded fourteen years earlier and the warranty

deed, also including the easement language, was recorded nine years earlier. Additionally, at the time the warranty deed was recorded, Andersons recorded a homestead exemption for their property which included an Exhibit "A" (with the easement language) identical to the Exhibit "A" that Andersons were challenging at trial.

Therefore, the District Court could easily have concluded that the "interests of justice" did not require inspection of the witness' copies of these documents.  Accordingly, the District Court did not abuse its discretion in refusing Andersons' request to review the witness' file.  Affirmed.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.