No. 98-620

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 198

295 Mont. 409

983 P.2d 995

JAMES M. VAN HOOK and CHARLENE E.

VAN HOOK,

Defendants and Appellants,

v.

TODD JENNINGS,

Plaintiff and Respondent,

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Mineral,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Quentin M. Rhoades, Sullivan & Tabaracci; Missoula, Montana

For Respondent:

Timothy D. Geiszler, Geiszler & Newcomer, PLLP; Missoula, Montana

---

Submitted on Briefs: February 11, 1999

Decided: August 26, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

- ¶James M. Van Hook and Charlene E. Van Hook (collectively, the Van Hooks) appeal from the order of the Fourth Judicial District Court, Mineral County, granting summary judgment to Todd Jennings in this action to declare the existence and enforceability of an access easement. We reverse.
- ¶The sole issue before us is whether the District Court erred in awarding summary judgment to Jennings.

## BACKGROUND

- ¶Jennings and the Van Hooks own neighboring tracts of property located in Mineral County, Montana, which lay in Section 34, Township 19 North, Range 27 West, P.M.M. and Section 3, Township 18 North, Range 27 West, P.M.M. Prior to 1965, both tracts, along with additional parcels of surrounding property in Sections 34 and 3, were owned by Roy and Virginia Leland. On September 1, 1965, the Lelands conveyed the tract currently belonging to the Van Hooks to John and Barbara Shaw.
- ¶The conveyance of property from the Lelands to the Shaws was made subject to the following reservation of rights:

(b) Said property is subject to a right of way for an existing private road which extends across said property for the purpose of reaching other lands in said Sections 34 and 3. The grantors reserve the right to use the existing private road, which crosses said property, for the use and benefit of Section 3 and the S1/2,, [sic] the NW1/4 of the NE1/4, the NE1/4 of the NW1/4 and the S1/2 of the NW1/4 of Section 34, Township 19 North, Range 27 W.M.M., [sic] excepting the land covered by this deed, and for the use and benefit of the grantors, their heirs, successors and assigns in the ownership of said lands. The grantees shall have the right to use of said private road across other portions of said Sections 34 and 3 for the purpose of reaching their property. The grantees shall not block said private road at any point but shall leave the same clear for use by the grantors or their successors in the ownership of the land in said Sections 34 and 3 herein described. The grantors shall have no responsibility for the upkeep or maintenance of said private road nor any liability in connection with the use of said road by any person. Said private

road also may be subject to use for the purpose of reaching lands other than those in said Sections 34 and 3.

(c) The grantors further reserve an easement within 25 feet of the existing private road as now located across the property covered by this deed, for the construction of utilities in the future as may be desired for the grantors' other lands in said Sections 3 and 34 herein described.

- ¶Both parties agree that pursuant to the 1965 deed, Jennings possesses a right of access over a road which traverses the whole of the Van Hook property in a generally east-west direction (hereinafter, the Jennings Road). A dispute exists, however, with regard to whether Jennings' right of access extends over a road which T-intersects with the Jennings Road inside the Van Hook property near the southeastern boundary of the Van Hook parcel and runs in a northern direction beyond the Van Hook property toward the center of the southwestern corner of Section 34 (hereinafter, the Subject Roadway).

- ¶This case was submitted to the District Court on competing motions for summary judgment on the sole issue of whether the 1965 deed between the Lelands and the Shaws provides Jennings with a right of way over the Subject Roadway. The District Court conducted a hearing and entered judgment in favor of Jennings. The Van Hooks appeal the District Court's denial of their motion for summary judgment and the entry of summary judgment in favor of Jennings.

## DISCUSSION

- ¶Did the District Court err in entering summary judgment in favor of Jennings?

- ¶We review a district court's grant of summary judgment *de novo*. *Wendell v. State Farm Mut. Auto. Ins. Co.*, 1999 MT 17, ¶ 9, 974 P.2d 623, ¶ 9, 56 St.Rep. 73, ¶ 9. When we review a district court's grant of summary judgment, we apply the same criteria as that used by the district court. *Wendell,* ¶ 9. Summary judgment is proper where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56

(c), M.R.Civ.P. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing the summary judgment. *Wood v. Old Trapper Taxi* (1997), 286 Mont. 18, 23, 952 P.2d 1375, 1381.

- ¶In its Opinion and Order on Motions for Summary Judgment and Reconsideration, the District Court determined that the reservation of rights in the 1965 deed was ambiguous because, although the grant refers in the singular to an existing private road over which the easement would lie, the purpose of the grantors was to reserve as many means of access as possible to their remaining properties. The District Court concluded that in reserving an easement "for the use and benefit of Section 3 and the S1/2,, [sic] the NW1/4 of the NE1/4, the NE1/4 of the NW1/4 and the S1/2 of the NW1/4 of Section 34," the grantors intended to include the use of the Subject Roadway, because "[g]iven the topography of Mineral County in general, and of the specific area at issue, the benefit to Grantor can only be achieved from an interpretation which gives an expanded application to include the Subject Roadway." Therefore, the District Court concluded, "[a]ccess in this rough terrain can only be accomplished by the use of a broad definition of 'road' to include the Subject Roadway, and as such this overall intent will override any limitation of the singular use of 'road' in the reservation."

- ¶A transfer of property is to be interpreted in like manner with contracts in general. Section 70-1-513, MCA. The interpretation and construction of a contract presents a question of law. *City Council of Laramie v. Kreiling* (Wyo. 1996), 911 P.2d 1037, 1049; *Redlin v. Redlin* (N.D. 1989), 436 N.W.2d 5, 7; *see also Wendell,* ¶ 10 (the interpretation of an insurance policy presents a question of law). A contract should be interpreted so as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful. Section 28-3-301, MCA. When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible. Section 28-3-303, MCA.

- ¶The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity.

Section 28-3-401, MCA. Where the language of an agreement is clear and unambiguous, the duty of the court is to apply the language as written. *Carelli v. Hall* (1996), 279 Mont. 202, 209, 926 P.2d 756, 761.

- ¶The same principles are applied in determining the meaning of an easement grant. Ambiguities in a reservation of rights in any grant of property are to be interpreted in favor of the grantor. Section 70-1-516, MCA. However, the breadth and scope of an easement are determined upon the actual terms of the grant. *See* Section 70-17-106, MCA; *Bridger v. Lake* (1995), 271 Mont. 186, 191, 896 P.2d 406, 408.

- ¶We disagree with the District Court's conclusion that the reservation of rights in the 1965 deed is ambiguous because the reservation of rights over a single roadway conflicts with the grantors' intent to reserve as many means of access as possible to their remaining properties. A contract is ambiguous where the terms of the contract are susceptible to more than one interpretation. *Carelli*, 279 Mont. at 209, 926 P.2d at 761. The easement in this case is described as "a right of way" over "an existing private road which extends across" the servient tenement "for the use and benefit of Section 3 and the S1/2, the NW1/4 of the NE1/4, the NE1/4 of the NW1/4 and the S1/2 of Section 34." That the grantors intended to utilize the easement "for the use and benefit of Section 3 and the S1/2, the NW1/4 of the NE1/4, the NE1/4 of the NW1/4 and the S1/2 of Section 34" indicates the use to which the easement would be put, not the scope of the easement itself.

- ¶To determine the scope of the easement, we refer to the language in the reservation which expressly describes the rights being reserved, which is "a right of way" over "an existing private road which extends across" the servient tenement. The terms "right of way" and "an existing private road" are used consistently throughout the reservation of rights to describe the extent of the easement reserved by the Lelands. Had the Lelands intended to include all roads then in existence within the scope of their right of way, they could easily have done so by drafting the reservation of rights to read "rights of way" over "existing private roads."

This they did not do.

- ¶Moreover, the Jennings Road is: (1) "an existing private road"; (3) "which extends across said property"; and (3) may be used "for the purpose of reaching other lands in said Sections 34 and 3." By itself, therefore, the Jennings Road adequately satisfies each of the criteria used to describe the easement. The inclusion of additional roadways within the scope of the easement is not necessary in order to give full effect to the language of the deed, but rather, would only frustrate the plain meaning of the term "an existing private road."

- ¶We hold that the reservation of rights in the 1965 deed is not ambiguous on its face, because the reservation of a single right of way over an existing private road does not conflict with the intended use of the easement to benefit the grantors' remaining properties in Sections 34 and 3. For these reasons, we hold that the District Court's conclusion that the grantors' intent "override [s] any limitation of the singular use of 'road' in the reservation" was in error.

- ¶We further hold that the District Court erred in entering summary judgement in favor of Jennings. We therefore reverse the judgment of the District Court and remand this case with instructions that summary judgment be entered in favor of the Van Hooks.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

Justice W. William Leaphart, dissenting.

1. ¶I dissent. I would affirm the decision of the District Court. The express language of the 1965 deed refers to an "existing private road," in the singular. That reference conflicts with other deed language that describes the parcels benefitting from the roadway as being almost 75% of the entire Section 34 which was retained by the grantors. The Subject Roadway is the only means of physical access to much of these lands, including the northern portions of Section 34 now owned by Jennings as well the adjacent parcel of Section 34 now owned by Sigsby.

2. ¶When interpreting written documents, the cardinal rule of construction is to glean the intent of the parties from the four corners of the document and not to focus on isolated tracks, clauses and words. Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 368, 600 P.2d 163, 168. The District Court determined that the overall intent of the deed was to reserve access to the grantors to roughly 75% of Section 34. Undisputed testimony was presented by Jennings regarding the mountainous terrain served by the Subject Roadway. This testimony constitutes "evidence of the circumstances under which the agreement was made or to which it relates . . . ." Section 70-20-202(2), MCA. Access to those portions of Section 34 in this mountainous terrain can only be accomplished by employing a broad definition of "road" so as to include the Subject Roadway. It was incumbent upon the District Court to construe the

reservation "in favor of the grantor." Section 70-1-516, MCA; s*ee also* Reichle v. Anderson (1997), 284 Mont. 384, 389, 943 P.2d 1324, 1327 (noting that a grantor who reserves an easement retains the rights "intended to be enjoyed" by that reservation). I agree with the District Court that the intended purpose of accessing Section 34 overrides any limitation inherent in the singular use of "road" or "right of way" in the reservation.

3. ¶The Court implicitly recognizes that the "use to which the easement would be put"--to reserve reasonable access to Section 3 and the S½, the NW¼ of the NE¼, the NE¼ of the NW¼ and the S½ of the NW¼ of Section 34--also defines the benefits intended to be enjoyed by the grantors' original reservation of that easement. As the Court puts it, the easement was intended "to benefit the grantors' remaining properties in Sections 34 and 3." However, because a "mountain ridge" separates the NE¼ of the SW¼ from the remainder of Jennings' holdings in Section 34, the Court's plain language approach achieves an absurd result in that it denies the grantors' successor in interest, Jennings, reasonable access to much of the lands originally retained by the grantor and intended to be enjoyed by the reservation of the easement.

4. ¶"The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity." Section 28-3-401, MCA. In focusing solely upon the singular use of terms in the deed, the Court has cut off access to much of Section 34. In so doing, the Court has ignored the overriding purpose of the grantors' reservation of the easement--to benefit <u>all</u>, and not just part, of the grantors' retained lands in Sections 3 and 34. The District Court's resolution of this matter was the more reasonable: by construing the term "road" to include the Subject Roadway, the court gave the conveyance a construction in favor of the grantors necessary to give Jennings, the successor in interest to the grantors, practicable physical access to all of the parcels intended to

be enjoyed by the grantors' reservation of the easement. I would affirm.

/S/ W. WILLIAM LEAPHART

Chief Justice J. A. Turnage and Justice William E. Hunt, Sr., join in the foregoing dissent of Justice W. William Leaphart.

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.