JUSTICE LEAPHART,
dissenting.
¶18 I dissent. I would affirm the decision of the District Court. The express language of the 1965 deed refers to an “existing private road,” in the singular. That reference conflicts with other deed language that describes the parcels benefitting from the roadway as being almost 75% of the entire Section 34 which was retained by the grantors. The Subject Roadway is the only means of physical access to much of these lands, including the northern portions of Section 34 now owned by Jennings as well the adjacent parcel of Section 34 now owned by Sigsby.
¶ 19 When interpreting written documents, the cardinal rule of construction is to glean the intent of the parties from the four corners of the document and not to focus on isolated tracks, clauses and words. Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 368, 600 P.2d 163, 168. The District Court determined that the overall intent of the deed was to reserve access to the grantors to roughly 75% of Section 34. Undisputed testimony was presented by Jennings regarding the mountainous terrain served by the Subject Roadway. This testimony constitutes “evidence of the circumstances under which the agreement was made or to which it relates....” Section 70-20-202(2), MCA. Access to those portions of Section 34 in this mountainous terrain can only be accomplished by employing a broad definition of “road” so as to include the Subject Roadway. It was incumbent upon the District Court to construe the reservation “in favor of the grantor.” Section 70-1-516, MCA; see also Reichle v. Anderson (1997), 284 Mont. 384, 389, 943 P.2d 1324, 1327 (noting that a grantor who reserves an easement retains the rights “intended to be enjoyed” by that reservation). I agree with the District Court that the intended purpose of accessing Section 34 *415 overrides any limitation inherent in the singular use of “road” or “right of way” in the reservation.
¶20 The Court implicitly recognizes that the “use to which the easement would be put” — to reserve reasonable access to Section 3 and the SV2, the NWV4 of the NEV4, the NEV4 of the NWV4 and the SVSj of the NWV4 of Section 34 — also defines the benefits intended to be enjoyed by the grantors’ original reservation of that easement. As the Court puts it, the easement was intended “to benefit the grantors’ remaining properties in Sections 34 and 3.” However, because a “mountain ridge” separates the NEV4 of the SWVi from the remainder of Jennings’ holdings in Section 34, the Court’s plain language approach achieves an absurd result in that it denies the grantors’ successor in interest, Jennings, reasonable access to much of the lands originally retained by the grantor and intended to be enjoyed by the reservation of the easement.
¶21 “The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity.” Section 28-3-401, MCA. In focusing solely upon the singular use of terms in the deed, the Court has cut off access to much of Section 34. In so doing, the Court has ignored the overriding purpose of the grantors’ reservation of the easement — to benefit all, and not just part, of the grantors’ retained lands in Sections 3 and 34. The District Court’s resolution of this matter was the more reasonable: by construing the term “road” to include the Subject Roadway, the court gave the conveyance a construction in favor of the grantors necessary to give Jennings, the successor in interest to the grantors, practicable physical access to all of the parcels intended to be enjoyed by the grantors’ reservation of the easement. I would affirm.
CHIEF JUSTICE TURNAGE and JUSTICE HUNT join in the foregoing dissent of JUSTICE LEAPHART.