FILED

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0636

DA 21-0636

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 164N

IN THE MATTER OF THE ESTATE OF
JIMMY LESLIE POSTON,

     Deceased.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
                     In and For the County of Lincoln, Cause No. DP-20-23
                     Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Marcel A. Quinn, Thomas A. Hollo, Attorneys at Law, Kalispell,
          Montana

     For Appellee:

          Amy Guth, Attorney at Law, Libby, Montana

                       Submitted on Briefs:  June 15, 2022

                               Decided:  August 16, 2022

Filed:

                          _____
                                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Angela Hunt and Robert Poston (Siblings) appeal the Nineteenth Judicial District Court's findings of fact, conclusions of law, and order enforcing the "no-contest" clause of their father's will. We affirm.

¶3 Jimmy Leslie Poston (Poston) executed a Last Will and Testament on January 17, 2020 (the Will). The Will devised Poston's tools, firearms, and Jeep to Robert and his jewelry, coin collection, and a second Jeep to Angela. The Will devised a receivable; Poston's real property, including a Sumpter, Oregon property and a one-third interest in a Libby, Montana property; and the remainder of his Estate to Poston's common-law wife, Patsy Lindrose. The Will notes that Poston transferred a two-thirds interest in the Libby property to Siblings as an "estate planning tool." The Will also explains that Poston was unhappy because Siblings went against his intent and asked him and Lindrose to move from the home.

¶4 The Will states that Poston "sincerely hope[d]" that Siblings would "respect [his] wishes and avoid litigation." To that end, it includes the following provision:

I direct that if my [E]state should be needlessly caused to suffer a legal challenge that the person causing the legal challenge shall pay the costs and

2

attorney fees associated with such lawsuit if their effort should result in an unfavorable result to them.

I further direct that the heir causing the legal challenge shall receive only $1.00 from my [E]state if the challenge is unsuccessful.

¶5     Poston died in February 2020 at age 74. Two months later, Poston's sister Lerah Parker filed an application for informal probate of the Will and appointment of personal representative. The District Court granted the application, admitted the Will to informal probate, and appointed Parker as personal representative.

¶6     In July, Lindrose, as Poston's surviving spouse, petitioned in the probate proceeding for an elective share of the Estate pursuant to § 72-2-232, MCA, and for the statutory allowances authorized by §§ 72-2-412 through -414, MCA. The Siblings opposed Lindrose's petition, contending that no common-law marriage existed. The court held a hearing on the petition in September. The Estate did not participate or take a position in the hearing. Lindrose testified to her and Poston's relationship, including the couple's May 2008 wedding ceremony. Lindrose testified that she and Poston held themselves out as married and shared household expenses. Lindrose's daughter, Jerilyn Zaberal, testified to her knowledge of Poston and Lindrose's marriage. She testified that Angela learned Poston and Lindrose had married in 2014 after Angela saw a photograph of the couple's wedding ceremony. Angela testified that she was unaware that Poston and Lindrose had married until 2018 and that her father had told her that "[h]e never intended to marry" and only went through with the ceremony to appease Lindrose.

¶7     The District Court issued an order in January 2021 determining that Poston and Lindrose were common-law married and that Lindrose was entitled to an elective share of

3

the Estate. The court found that Poston and Lindrose had held themselves out as married. It pointed to "the change in [Poston's] estate planning documents" following his move to Montana as evidence of his clear intent to be married, especially given his "ongoing dispute with [Siblings] regarding his relationship with [Lindrose]." The court noted that neither Sibling questioned the validity of the Will, challenged Poston's competency, or alleged undue influence.

¶8 The Estate filed the final accounting in August 2021, invoking the no-contest provision and distributing to each sibling one dollar. The District Court held a hearing on the final accounting in September. Siblings opposed the Estate's distributions under the no-contest provision, arguing that they had probable cause to challenge the marriage. At the hearing, Parker explained that she invoked the no-contest clause because Siblings had intervened in the elective share petition and because she was unable to perform her duties as personal representative due to their interference.

¶9 The District Court issued an order on November 18, 2021. The court approved the final accounting, including the distribution of one dollar to each sibling. The court reasoned, based on evidence presented at both hearings, that because Siblings lacked "probable cause" under § 72-2-537, MCA, to challenge the Will's validity, they had "needlessly caused a legal challenge to the [E]state."

¶10 We review a district court's findings of fact for clear error and its conclusions of law for correctness. *In re Estate of Hannum*, 2012 MT 171, ¶ 19, 366 Mont. 1, 285 P.3d 463 (citations omitted). We apply de novo review to mixed questions of law and

4

fact.  *Thomas Mann Post No. 81 v. Knudsen Family L.P.*, 2022 MT 150, ¶ 14, 409 Mont. 318, ___ P.3d ___ (citation omitted).

¶11 Siblings argue that the District Court erred by approving the Estate's final accounting that awarded one dollar to each sibling.  They assert that their challenge to Lindrose's petition for an elective share and statutory allowances is not a "legal challenge" to the Estate because they did not contest the Will, nor did they take any action against the Estate in the probate proceedings.  We are unpersuaded.

¶12 The Will provides that any heir who causes the Estate to "needlessly . . . suffer a legal challenge" shall receive one dollar from the Estate.  Contrary to Siblings' argument, nothing in the Will limits the triggering legal challenge to a will contest or the affirmative filing of challenges against the Estate.  By opposing Lindrose's petition for an elective share and statutory allowance, Siblings sought to deny Lindrose any share of the Estate notwithstanding the Will's directives.  The legal challenge directly contradicted Poston's expressed testamentary intent that Lindrose was his wife and that he hoped Siblings would avoid litigation.  It is irrelevant whether the Estate participated in that dispute.  The District Court did not err when it found that Siblings' challenge to Lindrose's petition for elective share and statutory allowances triggered the Will's no-contest clause.

¶13 Pursuant to § 72-2-537, MCA, a no-contest provision in a will is unenforceable if the challenging party had probable cause to contest the will or institute other proceedings.  Probable cause is "a reasonable belief in the existence of facts upon which a claim is based, and [a] reasonabl[e] belie[f] that those facts give rise to a valid claim."  *Spoja v. White*, 2014 MT 9, ¶ 12, 373 Mont. 269, 317 P.3d 153.

5

¶14 In Montana, three elements must be met to form a common-law marriage: "the parties (1) were competent to enter into a marriage; (2) assumed a martial relationship by mutual consent and agreement; and (3) confirmed their marriage by cohabitation and public repute." *In re Marriage of Hansen*, 2019 MT 284, ¶ 13, 398 Mont. 64, 453 P.3d 1210 (citation omitted). Siblings argue that they had probable cause to contest the common-law marriage. They contend that Poston and Lindrose did not hold themselves out as married because they kept separate property and finances, because they did not have anniversary parties, and because Lindrose did not take Poston's last name. Many of these facts were disputed at the hearing but, even if true, fail to establish that Siblings had probable cause to oppose the marriage. *See In re Estate of Ober*, 2003 MT 7, ¶¶ 11, 16, 314 Mont. 20, 62 P.3d 1114 (couple consented to common-law marriage despite separate property and bank accounts, filing taxes as single taxpayers, and filing government benefits documents as single, and when wife did not take husband's last name). Siblings point to Angela's testimony that Poston allegedly told her in 2018 that he did not want to remarry and had participated in the 2008 ceremony only to appease Lindrose. But Poston's statements in 2018 are hearsay, *In re Estate of Edwards*, 2017 MT 93, ¶¶ 41-42, 387 Mont. 274, 393 P.3d 639 (citing *In re Estate of Harmon*, 2011 MT 84A, ¶¶ 32, 37, 360 Mont. 150, 253 P.3d 821), and irrelevant in any event when they predated his January 2020 proclamation of marriage in the Will. As the District Court explained, any representation made by Poston or Lindrose prior to the signing of the Will was "inconsequential."

¶15 As the District Court found, Poston held himself out in his Will as married to Lindrose, demonstrating that he had the requisite intent to enter a common-law marriage.

6

Siblings did not point to anything to refute these testamentary statements. Siblings notably did not challenge Poston's competency to execute the Will, nor did they argue that Lindrose or another party unduly influenced him. Though not casting it as a challenge to Poston's competency, Siblings attempted to undermine his expressed intent to hold himself out as married. Their allegations did not establish probable cause when Siblings offered no evidence outside their own opinions or hearsay that could support a reasonable belief in a valid claim that there was no common-law marriage. Particularly in light of Poston's representations in his Will, and considering the couple's seventeen-year cohabitation, their 2008 wedding ceremony, that they held themselves out as married, and that Lindrose used Poston's last name informally, the District Court did not err in finding that Siblings lacked probable cause and "needlessly caused a legal challenge to the [E]state." The record reasonably supports no other conclusion.

¶16 Siblings finally assert that the final accounting erroneously requires Siblings to pay all the Estate's costs and fees, as opposed to only those related to their interference with Lindrose's elective share petition. The final accounting provides that attorney fees and costs are "[t]o be determined by the [District] Court as a judgment lien on real estate proceeds." The District Court has not yet entered a final order on fees. Siblings will have an opportunity to raise this argument when the court considers the final award of attorney fees.

¶17 The Estate asks for an award of costs and attorney fees on appeal. Having agreed with the District Court on its application of the no-contest provision, we grant the Estate its costs and reasonable attorney fees on appeal, to be determined by the District Court.

7

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Siblings have demonstrated no error of law or fact in the District Court's analysis. We affirm the District Court's order approving the final accounting and remand for the court to determine the Estate's reasonable attorney fees and costs on appeal.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE